## HOWARD GOULD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 15051.   Promulgated April 28, 1950.

*James O. Wynn, Esq.,* for the petitioner.
*John J. Madden, Esq.,* for the respondent.

748

OPINION.

TYSON, *Judge*: The primary question is whether petitioner is entitled under section 23 (b) of the Internal Revenue Code [1] to the claimed deduction of $30,000 as "interest * * * on indebtedness."

Do the facts bring the $30,000 within the controlling definition of the above quoted words of the statute given in *Deputy* v. *Du Pont*, 308 U. S. 488, 498, that definition being " 'Interest on indebtedness' means compensation for the use or forbearance of money"?

Inasmuch as Helen Gould died without issue some years prior to the taxable year and the $2,000,000 added to her trust, which included the $400,000 of the total final payment of $900,000 ultimately to go from her and petitioner's trusts to the children of George Gould as a group, the Duchesse de Talleyrand, and Frank Gould, had passed to

---

[1] SEC. 23.　DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

　*　　　　*　　　.　*　　　　*　　　　*　　　　*　　　　*

(b) INTEREST.—All interest paid or accrued　*　*　.　*　on indebtedness　*　*　*.

those respective parties, we need consider, in answering the question posed above, only the status in the taxable year of petitioner with relation to such question. That status was as follows: From the payment of $2,000,000 made by petitioner into the corpus of the trust for his benefit, $500,000 of the total $900,000 final payment was to pass from that trust on his death without issue (Helen having predeceased him) to each, the children of George Gould as a group, Frank Gould, and the Duchesse de Talleyrand, and in the event of petitioner's dying survived by issue his estate was to pay $500,000 to the same parties, thus assuring their receipt of the final payment of the $900,000 originally provided for; until petitioner's death occurs the $500,000 paid into the corpus of his trust remains there, with petitioner as the owner of an equitable life interest therein and entitled to the use and benefit of the income therefrom; during this same period, i. e., until the death of petitioner, the children of George Gould as a group, Frank Gould, and the Duchésse de Talleyrand were deferring payment of the $500,000 unpaid portion of the total $2,900,000 which each was ultimately to receive under the agreement, $2,000,000 of the $2,900,000 having been paid in cash to each of their respective trusts immediately after the judgment; also during the same period petitioner annually was paying $30,000, or 6 per cent per annum, as compensation for the use of the deferred payment of $500,000. That the $500,000 was a deferred payment is shown by both the negotiations upon which the agreement of compromise was based and the following language in the agreement explaining that the annual payments of $54,000 or $30,000, as the case might be, were to be made:

\* \* \* in order to make up for the loss of income resulting from the deferment of the vesting in possession of the aggregate $900,000 remainder interests with respect to each of them in the trust funds for the benefit for life of Helen G. Shepard and Howard Gould (or the guaranteed sum in lieu of the remainder interest in Howard Gould's trust as hereinafter provided).

It thus appears that in the taxable year the $500,000 was being used by petitioner's trust for his benefit as the equitable owner of a life estate in the corpus thereof, and that during the same period forbearance of the payment of the $500,000 was being made by the children of George Gould as a group, Frank Gould, and the Duchesse de Talleyrand. We conclude that, because of such use and deferment of the $500,000 and the payment as compensation therefor by petitioner of $30,000 during the taxable year, the $30,000 is brought within the definition of "interest \* \* \* on indebtedness" as given in *Deputy v. Du Pont,. supra*, and that petitioner is entitled to his claimed deduction for that amount under section 23 (b), *supra*. See also *Commissioner* v. *Park*, 113 Fed. (2d) 352.

We think there is no merit, under the facts and circumstances here, in respondent's contention that there must be added to the definition in

*Deputy* v. *Du Pont, supra,* the requirement that "the money for the use or forbearance of which compensation is paid and claimed to be 'interest' must be owed by the person seeking a deduction under the statute" and that therefore, under the facts, the $500,000 did not constitute an indebtedness of petitioner.

While in the usual case the literal terms of the quoted alleged requirement may be applicable, there are other cases (which in contradistinction may be termed as unusual) analogous in principle to the instant case where it is not applicable, as, for instance, where interest was paid by the taxpayer on an indebtedness for which he had no personal liability, but which was represented by the amount of a mortgage upon real estate of which he was the equitable owner and the taxpayer was allowed a deduction for such interest, *New McDermott, Inc.,* 44 B. T. A. 1035; see also Regulations 111, sec. 29.23 (b)–1; and where interest was paid by a parent corporation on the obligation of its subsidiary, the parent having no personal liability therefor, it was held that the parent and not the subsidiary received the benefit from the indebtedness, and, that being so, the obligation was the equitable liability of the parent. *U. S. Fidelity & Guaranty Co.,* 40 B. T. A. 1010. In each of the above cases the payer of the interest involved received the benefit of an indebtedness for which he had no direct liability, as here the petitioner received the benefit of the indebtedness of $500,000 (upon which he paid the $30,000 here in question) through his life interest in the corpus of the trust of which $500,000 was a part, and we think the principle applied in those cases applies with equal force here. Cf. *Joell Co.,* 41 B. T. A. 825.

We likewise think the contention of respondent, that payment of the $500,000 was contingent and for that reason the $30,000 paid by petitioner in the taxable year is not deductible, is without merit. There is nothing uncertain or conditional as to the ultimate payment of the $500,000 except the actual date thereof. The obligation to pay is certain and absolute and eventual payment is assured, since it is to be paid at the death of petitioner (than which no event could be more certain) either from the funds paid by the petitioner into his own trust if he dies without issue, or, if with issue, from his estate.

Since we have found the payment of $30,000 made by petitioner in the taxable year deductible as interest under section 23 (b), *supra,* we need not consider alternative contentions made by petitioner but not set out herein.

*Decision will be entered under Rule 50.*